```
                                              FILED
                                         U.S. DISTRICT COURT
         IN THE UNITED STATES DISTRICT COURT
                                         2005 NOV 21 PM 1:08
      FOR THE SOUTHERN DISTRICT OF GEORGIA
                                         CLERK_____
                STATESBORO DIVISION       SO. DIST. OF GA.
```

| | |
|---|---|
| WILLIE KEITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 605-099 |
| | ) |
| EMANUEL PROBATION DETENTION | ) |
| CENTER and OFFICER HOOKS, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Emanuel Probation Detention Center in Swainsboro, Georgia, brought the captioned case pursuant to 42 U.S.C. § 1983 in the Northern District of Georgia. See Keith v. Unnamed, CV 105-2208 (N.D. Ga. Sept. 8, 2005). Because Plaintiff complains of events which occurred in this District, the case was subsequently transferred to this Court. CV 105-2208, doc. no. 2 (N.D. Ga. Sept. 8, 2005). Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] 28

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff

U.S.C. § 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff filed the instant undated complaint on August 24, 2005, alleging that he has been subjected to dangerous conditions of confinement at the Emanuel Probation Detention Center ("the Center"). (See generally doc. no. 1). According to Plaintiff, "two months ago" he was working at the Center's barbershop when other inmates entered carrying knives, creating a dangerous situation. (Id. at 2). Defendant Officer Hooks, the officer on duty, did nothing. (Id.). Plaintiff does not allege that he was hurt, but claims that he has been afraid of being "jumped" ever since. (Id.).

Later, on August 9, 2005, when Defendant Officer Hooks placed Plaintiff in handcuffs, Officer Hooks was allegedly very rough with Plaintiff and put the handcuffs on too tight, "pinching" Plaintiff's skin and causing him to bleed. (Id. at 3). Plaintiff filed a grievance, and he "have appeal [sic] it to Atlanta." (Id. at 4). Defendant Officer Hooks then allegedly had Plaintiff transferred to another facility as retaliation for the grievance. (Id.). Plaintiff then filed another grievance on August 14, 2005, but he does not explain its resolution. (Id.). According to Plaintiff, he remains in danger because a co-defendant of his is also incarcerated in the facility. (Id. at 5).

## II. DISCUSSION

Unfortunately for Plaintiff, regardless of whether he has otherwise stated a viable claim, it is clear that the instant complaint must be dismissed because Plaintiff failed to

---

signed, he remains liable for the full $250.00 filing fee.

2

exhaust available administrative remedies prior to filing suit. As noted above, Plaintiff maintains that an appeal of the denial of his administrative grievance is pending. (Doc. no. 1, p. 4). He also alludes to another grievance he has filed, without addressing whether or not he appealed any adverse administrative decision.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the

3

exhaustion requirement.[2]  Id. at 1325.  Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

The Court is familiar with the administrative grievance procedure available to Georgia inmates, and will briefly describe it.  Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance.  SOP IIB05-0001 § VI(B)(12)-(13).  If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance.  Id. § VI(C)(2).  Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond.  Id. § VI(C)(14).  If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to

---

[2]Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison."  Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(*per curiam*).  Accordingly, Plaintiff's allegations about his safety and living conditions at the Center are subject to the administrative exhaustion requirements.

4

respond. Id. § VI(D)(2),(5).

As noted, Plaintiff acknowledges in his complaint, filed on August 24, 2005, that he had one administrative appeal pending at the time his suit was filed and that he also filed another grievance on August 14, 2005. Thus, notwithstanding Plaintiff's averment that he is "in compliance with all rules and regulations," it is clear that Plaintiff had not exhausted his administrative remedies at the time he filed his complaint, as the four-month period allowed for the grievance procedure to run its course had not yet expired. (Doc. no. 1, p. 1). Indeed, Plaintiff's concession that he has an administrative appeal pending forecloses the issue.

In sum, Plaintiff has not completed the requisite steps necessary to bring his lawsuit in federal court, and his claims are not properly before this Court. 42 U.S.C. § 1997e(a) requires that a prisoner exhaust administrative remedies *before* filing a lawsuit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (exhausting administrative remedies is "precondition to filing an action in federal court"); Miller v. Tanner, 196 F.3d 1190, 1192-93 (11th Cir. 1999) (same). Therefore, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.[3]

---

[3]To the extent that Plaintiff's complaint can be construed as an allegation that his grievances have not been handled properly, these claims must also fail. The mishandling of a prisoner grievance does not rise to the level of a constitutional violation, and thus does not generate a cognizable § 1983 claim. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989)(*per curiam*); Rienholtz v. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table).

5

## III. CONCLUSION

As Plaintiff has failed to exhaust his administrative remedies with respect to any of his claims, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of November, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE